IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ARTISAN AND TRUCKERS CASUALTY CO.,** | |
| **Plaintiff,** | |
| v. | Case No. 23-cv-02485-SPM |
| **TIMOTHY THROGMORTON, M.D., Administrator of the Estate of James Allen Throgmorton, II, and BRITTANY OSCHMANN,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court are a Motion for Leave to File for Entry of Final Judgment (Doc. 51) and a Motion for Entry of an Order Certifying the Case for Immediate Appeal or, in the Alternative, for Leave to Move for Summary Judgment (Doc. 56), both filed by Plaintiff Artisan and Truckers Casualty Co. ("Artisan"). For the reasons set forth below, the Court **DENIES as moot** the former motion, and **DENIES in part and GRANTS in part** the latter motion.

### BACKGROUND

This is an action for declaratory judgment filed by Artisan to determine whether it has a duty under its insurance policy to provide underinsured motorist ("UIM") coverage benefits to Defendants Timothy Throgmorton, M.D., as Administrator of the Estate of James Allen Throgmorton II, and Brittany Oschmann,

collectively referred to as "Defendants." (Doc. 1). Artisan issued a policy of commercial auto coverage, number 01836274-0, to Giant City Transport LLC for the effective policy period of June 15, 2020 to December 15, 2020 ("the Artisan policy") (*Id.*, ¶ 23).

On July 17, 2023, Artisan initiated this action by filing its Complaint for Declaratory Judgment seeking a declaration that there is no UIM coverage available pursuant to the Artisan policy issued to Giant City Transport LLC for the claim brought by Defendants following an August 14, 2020 vehicle accident. (Doc. 1). Specifically, Artisan contended that the sum of the policy limit under the Hartford policy, $100,000, and the sum of the policy limit of the EMC policy, $1,000,000, totaled $1,100,000 coverage, which exceeded the $1,000,000 limit of UIM coverage available under the Artisan policy, resulting in no UIM coverage being available. (*Id.*).

On April 4, 2024, Artisan filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. 26). On May 7, 2024, Defendants filed a Motion for Partial Summary Judgment. (Doc. 31). On October 2, 2024, the Court denied Artisan's motion and granted Defendants' motion. (Doc. 43). The Court then erroneously entered a Judgment Order (Doc. 44) dismissing Artisan's complaint for declaratory judgment and directing the Clerk of Court to close the case. The Judgment Order disposed of all pending claims except for Count II of Defendants' counterclaim, which alleges "bad-faith denial of coverage" pursuant to 217 Ill. Comp. Stat. 5/155. (*Id.*).

On October 31, 2024, Artisan filed its Notice of Appeal of the Court's October 2, 2024 Judgment. (Doc. 45). On December 5, 2024, the United States Court of

Appeals for the Seventh Circuit entered an order finding that "[t]he judgment entered on October 2, 2024 is . . . not final," depriving the Court of Appeals of jurisdiction. (Doc. 45-1, p. 2).

Artisan filed the instant motions on December 6, 2024, and January 8, 2025, respectively (Docs. 51, 56). Defendants filed a Response to the latter motion on January 27, 2025 (Doc. 59); Artisan filed a Reply on February 6, 2025 (Doc. 60). On March 6, 2025, The Court vacated its order granting partial summary judgment as well as its clerk's judgment (Doc. 67) and issued a modified order granting partial summary judgment on Count I Defendants' counterclaim while dismissing with prejudice Artisan's claim. (Doc. 68). Accordingly, the remaining claim is Count II of Defendants' counterclaim. Artisan requests that the Court enter an interlocutory order so that they may appeal the Court's March 6 order granting partial summary judgment, or in the alternative that it allows Artisan to file a motion for summary judgment as to Count II of Defendants' counterclaim. (Doc. 56).

## LEGAL STANDARD

28 U.S.C. § 1292(b) provides an exception to the general rule that appellate courts may only hear appeals from final decisions of district courts:

> "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . ."

The Seventh Circuit summarized § 1292(b)'s requirements in *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675–76 (7th Cir. 2000):

> There are four statutory criteria for the grant of a section 1292(b) petition . . . . there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation . . . [t]here is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed."

Federal law expresses a strong policy against piecemeal appeals. *Switz. Cheese Assoc. v. Horne's Market*, 385 U.S. 23, 24 (1966). Interlocutory appeals are generally "frowned on" in the federal judicial system because of their potential to interrupt and delay litigation. *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012); *see Asher v. Baxter Int'l Inc.*, 505 F.3d 736, 741 (7th Cir. 2007) (cautioning that interlocutory review "must be used sparingly lest [it] increase the time and expense required for litigation").

## ANALYSIS

There is no doubt that the first criteria under *Ahrenholz* is met. "The construction of an insurance policy is a question of law." *Menard, Inc. v. Country Preferred Ins. Co.*, 992 N.E.2d 643, 647 (Ill. App. Ct. 2013). It is also clear that the construction of the insurance policy is controlling. "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). There is no doubt that the construction of the insurance policy was essential for the resolution of

Defendants' Motion for Partial Summary Judgment. However, the parties disagree as to the third prong of the analysis. Artisan argues that there is a substantial ground for difference of opinion as to the interpretation and application of the statute. (Doc. 56, p. 2). Defendants argue that Illinois courts do not disagree on the interpretation of the statute. (Doc. 59, p. 1).

The Court agrees with Defendants; it stands firmly behind its decision in its October 3, 2024 Order. A contestable issue presents a "difficult central question of law which is not settled by controlling authority" and poses a "substantial likelihood" that the district court's ruling may be reversed on appeal. *In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995). This may be shown through conflicting authority on the relevant issue. *See Hoffman v. Carefirst of Ft. Wayne, Inc.*, 2010 WL 3940638, at *2 (N.D. Ind. Oct. 6, 2010); *Carlson v. Brandt*, 1997 WL 534500, at *6 (N.D. Ill. Aug. 22, 1997) (noting that "interlocutory appeal is unjustified, inefficient, and unnecessary when the movant has not set forth substantial conflicting decisions regarding the claimed controlling issue of law"). Artisan has failed to demonstrate contestability.

As to the first question of law (whether "all bodily injury liability insurance policies" as stated in the statute includes all policies, regardless of whether a defendant is adjudicated liable or resolves a claim pursuant to settlement), the Court determined that Illinois caselaw demonstrably rejects the proposition. The Court relied on *Cummins v. Country Mut. Ins. Co.*, 687 N.E.2d 1021, 1023 (Ill. 1997) for the proposition that the purpose of underinsured motorist coverage "cover[s] the

shortfall between the amount of insurance contracted for and the amount received from the liable driver." (Doc. 43, p. 9). Artisan does not dispute that *Cummins* is good law, but rather that it does not apply to the instant case. (*See* Doc. 60, pp. 3–4). In other words, Artisan maintains that the legal question presented here is one of first impression. Without addressing whether Artisan is correct in its assessment, it is a legally insufficient argument. The mere presence of a disputed issue that is a question of first impression for the Seventh Circuit, by itself, is insufficient to demonstrate a substantial ground for difference of opinion. *See Manitowoc Cranes LLC v. Sany Am. Inc.*, 2018 WL 582334, at *2 (E.D. Wis. Jan. 29, 2018). Rather, it is the duty of the district court to analyze "'the strength of the arguments in opposition to the challenged ruling,' which process includes 'examining whether other courts have adopted conflicting positions regarding the issue of law proposed for certification.'" *Whipkey v. Eli Lilly and Co.*, 2021 WL 11963021, at *2 (S.D. Ind. Mar. 16, 2021) (quoting *United States v. Select Med. Corp.*, 2017 WL 468276, at *3 (S.D. Ind. Feb. 3, 2017)). A party must demonstrate that there are "conflicting positions regarding the issue of law proposed for certification." *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 212 F. Supp. 2d 903, 909–10 (S.D. Ind. 2002). Artisan fails this test; it presents no caselaw contradicting or otherwise questioning the holding in *Cummins*; it merely asserts that it doesn't apply to the facts of this case. Without more, this Court determines that the first question of law is not contestable.

As to the second question of law (whether, in determining the limits of

underinsured motorist coverage, an insurer is entitled to a setoff of amounts actually recovered), the Court relied on *Farmers Automobile Insurance Association v. Coulson*, 931 N.E.2d 1257 (Ill. App. Ct. 2010), and *DeStefano v. Farmers Auto. Ins. Ass'n*, 55 N.E.3d 677, 679–80 (Ill. App. Ct. 2015) in determining that the caselaw rejects that proposition as well. (*See* Doc. 43, pp. 13–14). Artisan makes the same argument, namely that the cases cited by the Court do not apply to the case at hand. As previously discussed, however, this is an inadequate argument. As was the case for the first question of law, Artisan does not cite any caselaw challenging the cases cited and reasoning used by the Court in its previous Order addressing the question. Accordingly, Artisan's argument fails regarding the second question of law as well. As Artisan fails the third prong of the analysis, the Court need not analyze whether the entry of an interlocutory order will speed up litigation, the fourth prong.

Artisan argues that if the Court were to reject its request for an interlocutory order, that it should grant leave to file a motion for summary judgment on Count II of Defendants' counterclaim. (Doc. 56, p. 3). Defendants counter that a motion for summary judgment on Count II would be premature because Artisan has not engaged in arbitration, which would develop the factual issues necessary to resolve the claim. (Doc. 59, p. 5). The Court disagrees with Defendants' contention. The typical procedural posture for a case such as this where a party seeks both a declaratory judgment and damages for bad faith is that a dispositive motion for both claims is brought in the same stage of the litigation. For example, in *Werner*

*v. Auto-Owners Ins. Co.*, 106 F.4th 676, 679 (7th Cir. 2024), the Seventh Circuit did not find that the district court committed procedural error where it decided a motion for summary judgment on both the insured's claim for a declaratory judgment and his claim for bad faith damages. Critically, the district court decided the bad faith claim at the summary judgment stage "then held a bench trial on damages." *Id.* In other words, whether damages had been determined had no bearing on the district court's analysis of the bad faith argument at the summary judgment stage. Therefore, this Court is not compelled to delay the adjudication of the bad faith claim until after the parties engage in arbitration and will allow the parties to adjudicate the issue at the summary judgment stage.

## CONCLUSION

For the reasons stated above, Artisan's Motion for Entry of an Order Certifying the Case for Immediate Appeal or, in the Alternative, for Leave to Move for Summary Judgment (Doc. 56) is **DENIED in part and GRANTED in part**. The Court declines to issue an interlocutory order but will allow the parties to proceed to summary judgment on Count II of Defendants' counterclaim. The briefing schedule will be set by separate order. Moreover, Plaintiff's Motion for Leave to File for Entry of Final Judgment (Doc. 51) is **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED: March 7, 2025**

**s/ Stephen P. McGlynn**
**STEPHEN P. McGLYNN**
**U.S. District Judge**
