IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ARTISAN AND TRUCKERS CASUALTY CO.,** | |
| **Plaintiff,** | |
| v. | Case No. 23-cv-02485-SPM |
| **TIMOTHY THROGMORTON, M.D.,** Administrator of the Estate of James Allen Throgmorton, II, and **BRITTANY OSCHMANN,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion for Summary Judgment filed by Plaintiff Artisan and Truckers Casualty Co. ("Artisan"). (Doc. 72). For the reasons set forth below, the Court **GRANTS** the motion.

## BACKGROUND

This is an action for declaratory judgment filed by Artisan to determine whether it has a duty under its insurance policy to provide underinsured motorist ("UIM") coverage benefits to Defendants Timothy Throgmorton, M.D., as Administrator of the Estate of James Allen Throgmorton II, and Brittany Oschmann, collectively referred to as "Defendants." (Doc. 1). Artisan issued a policy of commercial auto coverage, number 01836274-0, to Giant City Transport LLC for the effective policy period of June 15, 2020 to December 15, 2020 ("the Artisan policy") (*Id.*, ¶ 23).

On July 17, 2023, Artisan initiated this action by filing its Complaint for Declaratory Judgment seeking a declaration that there is no UIM coverage available pursuant to the Artisan policy issued to Giant City Transport LLC for the claim brought by Defendants following an August 14, 2020 vehicle accident. (Doc. 1). Specifically, Artisan contended that the sum of the policy limit under the Hartford policy, $100,000, and the sum of the policy limit of the EMC policy, $1,000,000, totaled $1,100,000 coverage, which exceeded the $1,000,000 limit of UIM coverage available under the Artisan policy, resulting in no UIM coverage being available. (*Id.*).

On April 4, 2024, Artisan filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. 26). On May 7, 2024, Defendants filed a Motion for Partial Summary Judgment. (Doc. 31). On October 2, 2024, the Court denied Artisan's motion and granted Defendants' motion. (Doc. 43). The Court then erroneously entered a Judgment Order (Doc. 44) dismissing Artisan's complaint for declaratory judgment and directing the Clerk of Court to close the case. The Judgment Order disposed of all pending claims except for Count II of Defendants' counterclaim, which alleges "bad-faith denial of coverage" pursuant to 217 ILCS 5/155. (*Id.*).

On October 31, 2024, Artisan filed its Notice of Appeal of the Court's October 2, 2024 Judgment. (Doc. 45). On December 5, 2024, the United States Court of Appeals for the Seventh Circuit entered an order finding that "[t]he judgment entered on October 2, 2024 is . . . not final," depriving the Court of Appeals of jurisdiction. (Doc. 45-1, p. 2).

On March 6, 2025, The Court vacated its order granting partial summary judgment as well as its clerk's judgment (Doc. 67) and issued a modified order granting partial summary judgment on Count I of Defendants' counterclaim while dismissing with prejudice Artisan's claim. (Doc. 68). Artisan now moves for summary judgment on Count II of Defendants' counterclaim for bad faith damages. (Doc. 72). Defendants filed a response (Doc. 73), to which Artisan filed a reply (Doc. 74).

## LEGAL STANDARD

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) quoting FED. R. CIV. P. 56(a)). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Stated another way, the nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, no issue remains for trial if

"sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640–41 (7th Cir. 2008) (quoting *Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2008)). The non-movant cannot simply rely on its pleadings; the non-movant must present admissible evidence that sufficiently shows the existence of each element of its case on which it will bear the burden of proof at trial. *Midwest Imps., Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (citing *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995); *Greater Rockford Energy & Tech. Corp. v. Shell Oil Co.*, 998 F.2d 391, 394 (7th Cir. 1993), cert. denied, 510 U.S. 1111 (1994); *Celotex*, 477 U.S. at 323–24).

## ANALYSIS

### I. Defendants Failed to Successfully Plead a Section 155 Claim

Artisan first argues that it is entitled to summary judgment because "the statutory remedy [for bad faith damages] provided under 215 ILCS 5/155 is not a stand-alone cause of action, but rather an additional statutory remedy in cases alleging breach of contract (or an actual tort) against an insurer." (Doc. 72, p. 3). Defendants counter that "the cause of action to which Section 5/155(1) remedies attach is broadly construed under the plain language of the statute." (Doc. 73, p. 6).

215 ILCS 5/155 states:

> In any action by or against a[n insurance] company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus [additional penalties].

"[S]ection 155 is procedural rather than substantive." *Hennessy Indus., Inc. v. Nat'l. Union Fire Ins. Co. of Pittsburgh*, 770 F.3d 676, 679 (7th Cir. 2014). It provides an "extracontractual remedy to policy-holders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1023 (7th Cir. 2013) (quoting *Cramer v. Ins. Exchg. Agency*, 174 Ill. 2d 513, 519 (Ill. 1996)). Simply stated, "it provides a remedy in a specified type of 'action' (case); it does not create a cause of action." *Hennessy Indus.*, 770 F.3d at 679; *see also Moles v. Ill. Farmers Ins. Co.*, 2023 IL App (1st) 220853, ¶ 19 ("section 155 does not create an independent tort for which an insurance company can be held liable").

Because section 155 does not provide for a stand-alone claim, Defendants' inclusion of a bad-faith damages claim as a separate count in its counterclaim is procedurally suspect. *See Moles*, 2023 IL App (1st) 220853, ¶ 6 n.2 ("[S]ection 155 does not create an independent cause of action, so it is somewhat misleading to say that plaintiff pled a section 155 'claim.' It is more accurate to say that plaintiff sought attorney fees, costs, and statutory damages pursuant to section 155."). But ultimately what matters is whether the section 155 claim is "connected to" a cause of action on the policy. *Id.* at ¶ 20.

It is unclear under Seventh Circuit precedent whether a declaratory judgment action meets this standard or whether a breach of contract action is required as a prerequisite to make a claim under section 155. Multiple cases suggest the latter. The Illinois Supreme Court in *Cramer* explained the context in

which section 155 was enacted: "By enacting and amending the statute, the legislature has expanded plaintiff's relief to include reasonable attorney fees, costs, and a limited penalty, *in addition to a breach of contract action* to recover the amount due under the policy." *Cramer*, 174 Ill. 2d at 521 (emphasis added). The Court in *Cramer* also described the bad-faith damages remedy as "extracontractual." *Id.* at 519. This language suggests that the bad-faith damages remedy is intrinsically tied to a breach of contract action where money damages are awarded. Other federal district courts provide similar supporting language. *See, e.g., Bridger v. Amguard Ins. Co.*, 2023 WL 2456115, at *2 (S.D. Ill. 2023) ("Under Illinois law, a section 155 claim is dependent on a successful breach of contract action); *Wolf v. Riverport Ins. Co.*, 734 F. Supp. 3d 832, 840 (N.D. Ill. 2024), *aff'd*, 132 F.4th 515 (7th Cir. 2025) ("[S]ection 155 creates an extracontractual remedy for an insured who prevails on a contractual claim under the policy. It's an extracontractual claim on top of a contractual claim"). Courts have thus interpreted section 155 as a remedy meant to supplement a breach of contract claim specifically. Here, Defendants solely counterclaimed for a declaratory judgment (which defines the rights of parties rather than awards damages) and did not include a counterclaim for breach of contract. (*See* Doc. 16). Accordingly, the Court determines that Artisan is entitled to a judgment as a matter of law on the ground that a bad faith damages claim may not be included as part of a declaratory judgment action

II. **The Undisputed Material Facts Demonstrate that Artisan is**

**Entitled to Summary Judgment**

Even had Defendants been able to include a bad faith damages claim, Artisan is entitled to summary judgment based on the undisputed material facts. Defendants argue that they are entitled to bad faith damages because "Artisan's anti-arbitration position was and is unreasonable and vexatious because it is contradicted by controlling Illinois caselaw." (Doc. 73, p. 8). However, "when there is a legitimate issue to be determined, a finding of unreasonable or vexatious delay cannot be made." *Lazzara v. Howard A. Esser, Inc.*, 622 F. Supp. 382, 386 (N.D. Ill. 1985). At issue was whether Defendants were entitled UIM coverage under the Artisan policy for their damages sustained and to be sustained in the future as a result of the injuries to and death of James Allen Throgmorton II. (Doc. 16, ¶ 34). Artisan took the position that Defendants were not entitled to such coverage. (*See generally* Docs. 1, 18).

Specifically, the Court tackled whether the Ford F150 that was being driven by Kenneth Papay at the time of the Kansas accident qualified as an underinsured auto, the applicable policy limits, and whether Artisan was entitled to any setoffs. (*See* Doc. 68, pp. 8–14). The Court spent seven pages evaluating each party's arguments, combing through the policy, and analyzing relevant Illinois caselaw. While the Court resolved these issues in favor of Defendants, it is hardly arguable that the issue presented was illegitimate. Artisan's arguments were "presented with reasoned support," *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000), and the coverage question was a difficult

one. Although Artisan was unsuccessful, this was a legitimate issue that required careful resolution by the Court, and that is all Illinois law requires to avoid the imposition of section 155 damages. Thus, even had Defendants successfully plead a bad faith damages claim, the undisputed facts demonstrate that the legal issue concerning coverage in question was a legitimate one, with reasoned arguments put forward by both parties. Accordingly, Artisan is entitled to judgment as a matter of law on Defendants' counterclaim for bad faith damages.

## CONCLUSION

For the reasons stated above, Artisan's Motion for Summary Judgment (Doc. 72) is **GRANTED**. Count II of Defendants' counterclaim is **DISMISSED with prejudice.** Artisan shall comply with Defendants' arbitration demand regarding the UIM claim. Artisan's liability shall be capped at the UIM policy limit, less the amount already paid by Kenneth's insurance with The Hartford. (*See* Doc. 68).

**IT IS SO ORDERED.**
**DATED:  July 29, 2025**

>                     s/ *Stephen P. McGlynn*
>                     **STEPHEN P. McGLYNN**
>                     **U.S. District Judge**